PLATT et al. *against* LITTELL et al.

A post note, given by a banking institution to secure a *bona fide* cash loan, made to it after the passage of the act to amend the act "entitled an act to authorize the business of banking," passed May 14th, 1840, is void.

If the loan is made to a third person, on the security of such note, the loan is not affected by the invalidity of the security.   *Ut semb.*

ASSUMPSIT.   *Narr Com.* counts, with note annexed.

Plea, general issue.

In the year 1838, the "Staten Island Bank" was created under the general banking law.

In 1841 this bank suspended its payments, and its notes were then at about 18 per cent. discount.

Littell, the president of the bank, with Totten and Bodine, two of the associates, were anxious to raise $3000 on their own individual credit, to enable the bank to resume. They applied to a broker for this purpose, who took their names to the plaintiffs, and asked a loan.   After examining into the standing of the three persons, the plaintiffs agreed

to make such loan.   They accordingly paid the amount to one of the defendants, in May, 1841, and received as security the promissory note of the Staten Island Bank, of that date, signed by the president and cashier, at sixty days, in favor of Littell, the president, and indorsed by him, and by Totten and Bodine, the other defendants.   At maturity it was dishonored, and notice given to the indorsers.

*Sherwood*, for defendants, moved a non-suit, insisting that this note was void by the act, Sess. 1840, p. 306, sec. 4.

*Anthon, contra*, insisted that the act of 1840, had relation entirely to the circulating paper of the bank.   That it was not intended to take from it the power, necessarily inherent in every institution, of giving a note, as in this case, for a debt contracted.     He also contended that the act of 1840 inflicted a penalty on the bank for issuing or circulating notes contemplated by it, but did not declare them void, especially, too, in the hands of a *bona fide* holder, who, therefore, might enforce them.    He also contended that this case was clearly sustained by *Stafford* v. *Wyckoff*, 4 Hill, 446.

EDMONDS, C. J.   I think this note is void.   The statute makes it an indictable misdemeanor to issue such note, and consequently the prohibition makes it a void act.   The act of 1840 was passed after the transactions which led to the case of *Stafford* v. *Wyckoff*, and, therefore, that case is applicable.

*Anthon* then insisted that if the note was void under the act, the loan to Littell, Totten and Bodine was not affected thereby, and offered to go to the jury on that branch of the case.

EDMONDS, C. J.    There is no sufficient evidence of such loan, and if the jury, under the testimony in this case, should return a verdict affirming such loan, it would be my duty to set it aside.    The loan was to the bank on the security of their names.

*Anthon* contended, that as there was evidence in the case to satisfy the minds of the jury, in his judgment, that the loan was made to the defendants, and not to the insolvent bank, that he had a right to the opinion of the jury on that head.    And that the mere form of the security could not control the essential character of the transaction, especially, too, where such security was declared invalid.

EDMONDS, C. J.    I think this course inadmissible: let a non-suit be entered.(1)

Non-suit.

*Anthon* and *Cone*, for plaintiff.

*Sherwood*, *Bradley* and *Townsend*, for defendants.

(1) Upon an argument before the judge on a case made, he considered the last ground, urged by plaintiffs' counsel, to have been correctly taken, and that he ought to have submitted the case to the jury.  The non-suit was consequently set aside.  The suit, however, proceeded no further.